## JORDAN v. WALKER.

1. **Pleading:** ISSUES RAISED BY: FORCIBLE ENTRY AND DETAINER. Where in an action of forcible entry and detainer, before a justice of the peace, the petition does not set up title in the plaintiff, an answer denying plaintiff's title and averring title in the defendant is not responsive to the petition and does not raise an issue involving the title to the property which requires the removal of the action to the Circuit Court.

*Appeal from Wapello Circuit Court.*

THURSDAY, OCTOBER 20.

THIS is a proceeding upon a writ of error issued by the Circuit Court, upon the petition of defendant, to a justice of the peace to review his decisions in an action of forcible entry and detainer wherein judgment was rendered for plaintiff. Upon the return of the writ of error, the judgment of the justice was affirmed. Defendant appeals. The cause has before been in this court. See 52 Iowa, 647.

*John S. Walker,* appellant, *pro se.*

*W. W. Corey* and *John B. Ennis,* for appellee.

BECK, J.—I. The judgment of the Circuit Court upon the former appeal was reversed and the cause was remanded. The Circuit Court entered judgment in accord with the decision of this court, and sent the cause to the justice of the peace from whom it was brought upon writ of error, for a new trial, which was accordingly had upon the original pleadings filed in the case and an amended answer of the defendant. Upon this trial a verdict was had for plaintiff and judgment rendered thereon. The cause was again removed to the Circuit Court upon a writ of error. The petition for the writ complains of many errors, some of them alleged to have occurred in the admission of evidence, others in the refusal to grant a continuance, and in the overruling of a motion to transfer the

cause to the Circuit Court, and others again relate to matters that are not clearly set out in the abstract. The confusion and imperfections of the abstract render it almost unintelligible, and we are therefore unable to determine positively what questions involved in these alleged errors were passed upon by the Circuit Court. In view of the fact that the same errors are not all urged in this court, it becomes unimportant to unravel the intricacies of the abstract in order to discover all the points decided by the Circuit Court.

And defendant's abstract again fails in that it does not disclose certain rulings of the Circuit Court of which he complains in his assignment of errors. But here again defendant permits us to escape from what would seem to be a hopeless task of determining just what the court below did decide, by omitting to discuss in his argument the errors assigned upon the hidden rulings of the court. The only question discussed by counsel is this:

Was the title to the real estate in question involved in the action before the justice of the peace, so that he had no jurisdiction to try the case?

This question is presented in many different shapes in defendant's assignment of errors, and is discussed, and nothing else, in the twenty points of his argument. The protean qualities of which the question partakes in the skillful hands of defendant does not conceal its true character. In all its numerous forms the question discussed, as we have above stated it, plainly appears. We discover in the abstract that this question was decided by the court below; as counsel on both sides in effect so admit there can be no mistake upon this point. It is the only question we are called upon to decide upon this appeal.

II. The pleadings in the case upon which the first trial was had before the justice of the peace fully appear in the

1. PLEADING: issues raised by forcible detainer: opinion announcing our decision upon the former appeal. See 52 Iowa, 647. We need not reproduce them here. After the case had been re-

manded to the justice, and before the second trial in the justice's court, defendant filed an amendment to his answer, alleging "that he is the owner in fee simple of the real estate described in plaintiff's petition, * * * * * ; that he denies that plaintiff has any kind of right or title to the same, as shown in defendant's answer, amended answer and motion to dismiss and motion to transfer." Thereupon defendant filed a motion "that the action be transferred to the Circuit Court * * * * for the reason that the title to the real property in question is now directly put in issue by his amendment to his former answer herein on file and as by law provided." The motion was overruled, and the decision of the justice was affirmed by the Circuit Court. This ruling is the foundation of defendant's objection, raised by the only question discussed by him upon this appeal as above stated.

III. It may be admitted that if the question of title was raised by the pleadings the justice had no jurisdiction of the cause, and he should, upon defendant's motion, have transferred it to the Circuit Court. Code, §§ 3535, 3620.

Did the pleadings in the case raise the question of title?

We held upon the former appeal that neither the petition nor answer, as these pleadings then appeared, presented a question of title. We are now required to determine whether the amendment to defendant's answer filed at the second trial before the justice, which we have above quoted, raises the question of title. We have before stated that this amendment constitutes the only change in the pleadings. It simply avers that defendant holds the fee simple title to the property and denies that plaintiff holds the title.

The denial of plaintiff's title is not responsive to the petition, for, as we have held in our former opinion, the petition does not set up title. No issue of title was presented by this denial. The averment that defendant holds title is not of facts showing title in him, but of a conclusion of law. As it is an amendment to the answer, it must be read and understood as part of the original pleading which it is intended to amend.

Considered as a part of the original answer, if of any effect it must be understood to aver that the defendant claims title under the facts alleged in his answer, that he holds the title based upon the facts pleaded by him. But we held upon the former appeal that defendant's answer did not plead facts supporting his claim to the possession of the property. We therefore reach the very obvious conclusion that the justice of the peace was not deprived of jurisdiction by reason of defendant's amendment to his answer, and that the motion to transfer the case to the Circuit Court rightly affirmed the decision of the justice.

Here the case ends. It would be an unauthorized and unprofitable task to attempt to follow defendant in his argument and reply to his numerous positions. The endeavor would lead us to consider the facts of the case as presented in his argument, many of which are not found in the record and a still greater number have no bearing upon the only question involved in the case. The judgment of the Circuit Court is

AFFIRMED.