[No. 11008. In Bank.—May 24, 1886.]

## C. B. WILLIAMS, RESPONDENT, v. AMOS MECARTNEY, APPELLANT.

JUSTICE'S COURT—ACTION FOR FINE, PENALTY, OR FORFEITURE—JURISDICTION—LEGALITY OF ASSESSMENT—PLEADINGS.—A Justice's Court has jurisdiction of an action to recover a sum of money less in amount than three hundred dollars for a fine, penalty, or forfeiture given by statute or ordinance of a municipal corporation; provided no question of the legality of any tax, impost, assessment, toll, or municipal fine is raised. If any such question is raised, it must be by answer, verified by the oath of the defendant, and unless so raised, no evidence as to such legality can be received, either in the Justice's Court, or on appeal in the Superior Court.

ID.—APPEAL TO SUPREME COURT.—In such an action, the Supreme Court has no jurisdiction of an appeal from the Superior Court, if no question as to such legality is raised by the answer.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Motion to dismiss appeal. The facts are stated in the opinion.

*E. W. Ashby,* for Appellant.

*Firebaugh & Castelhun,* for Respondent.

SEARLS, C.—This is an appeal from a final judgment entered in the Superior Court in and for the city and county of San Francisco, in favor of plaintiff for $123.50 and costs.

A motion is made to dismiss, upon the ground that the amount of the judgment being for less than three hundred dollars, and no jurisdictional question having been made by the pleadings, the appeal does not lie.

The suit was brought in the Justice's Court to recover $123.50, on account of a contract by plaintiff with the superintendent of streets in and for the city and county of San Francisco, under which contract plaintiff paved the southerly half of the roadway and constructed granite curbs for the sidewalk, all in front of the property of the defendant, on Post Street, in the city and county of San Francisco.

The complaint sets out facts showing the defective condition of the street, a service of notice by the superintendent of streets upon defendant, requiring him to make necessary repairs; his neglect and refusal to make such repairs; the adoption of a resolution of the board of supervisors, directing the superintendent of streets to contract for the repairs, etc.

The answer denies the allegations of the complaint, and is not verified.

Plaintiff had judgment in the Justice's Court, from which an appeal was taken upon both the law and facts, and after a trial *de novo*, in the Superior Court, judgment was again rendered in favor of plaintiff, from which this appeal is prosecuted.

Written findings were waived, and the case is presented on the judgment roll.

By the fourth subdivision of section 112 of the Code of Civil Procedure, jurisdiction is conferred upon Justice's Courts to recover fines, penalties, or forfeitures not amounting to three hundred dollars," given by statute or the ordinance of an incorporated city and county, city, or town, where no issue is raised by the answer involving the legality of any tax, impost, assessment, toll, or municipal fine."

By the third subdivision of section 76 of the same code, original jurisdiction is expressly conferred upon the Superior Courts, — "In all cases at law which involve the title or possesssion of real property, or the legality of

any tax, impost, assessment, toll, or municipal fine," etc., — without reference to the sum demanded.

Section 838 of the Code of Civil Procedure provides that " the parties to an action in a Justice's Court cannot give evidence upon any question which involves the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine; nor can any issue presenting such question be tried by such court; and if it appear from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of . . . . the legality of any tax, impost, assessment, toll, or municipal fine, the justice must suspend all further proceedings in the action, and certify the pleadings . . . . to the clerk of the Superior Court of the county." And thereupon the latter court acquires the same jurisdiction as if the action had been originally brought therein.

From these several statutory provisions it appears, —

1. That a Justice's Court has jurisdiction of an action to recover a sum of money less in amount than three hundred dollars, for a fine, penalty, or forfeiture, given by statute or ordinance of a municipal corporation, provided no question of the legality of any tax, impost, assessment, toll, or municipal fine is raised;

2. That if any such question is made, it must be by answer, verified by the oath of the defendant; and

3. Unless so raised, no evidence as to such legality can be received.

As the answer in the present case raised no question touching the legality of the municipal ordinance or proceedings under which the indebtedness accrued, we must, for all the purposes of the cause, presume there was in fact no controversy on that subject.

It was then simply an action to recover $123.50 in a case where the Justice's Court had jurisdiction, and in which the Superior Court acquired jurisdiction by virtue of the appellate jurisdiction conferred upon it, and

not under section 76 of the Code of Civil Procedure, which confers original jurisdiction only in such cases of this character as involve the *legality* of taxes, fines, etc.

As the legality of the proceedings were not made an issue, and could not be inquired into in the Justice's Court, so upon the same pleadings in the Superior Court on an appeal from the former court no such inquiry could be had. (*Schroeder* v. *Wittram,* 66 Cal. 636.)

Causes originating in Justice's Court cannot be brought by appeal to this court, except cases of forcible entry and detainer, cases involving the title or possession of real property, or the legality of a tax, impost, assessment, toll, or municipal fine; and save in cases of forcible entry and detainer, these questions are not involved unless raised in the Justice's Court by a sworn answer.

It follows that this appeal should be dismissed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the appeal is dismissed.