WILLARD CITY, RESPONDENT, v. THOMAS WOOD-
LAND, APPELLANT.

JUSTICES OF THE PEACE.—JURISDICTION.—TITLE TO REAL ESTATE.—
TAXES.—Where, in a justice's court, a complaint alleged that
the defendant was indebted to the plaintiff city for taxes in a
certain amount, and the defendant by unverified answer denied
generally the allegations of the complaint, no issue involving
the title to real estate or the legality of a tax is involved, so
as to oust the jurisdiction of the justice of the peace, under §
3543, 2 Comp. Laws, 1888. Such facts must be pleaded
specially.

NEW TRIAL.—NOTICE OF MOTION.—REFUSAL OF BILL OF EXCEP-
TIONS.—Verdict and judgment was had for the plaintiff, and
defendant, on October 25, made a motion to set the verdict
and judgment aside, no motion or notice of motion for new
trial having been given. On December 8, 1890, defendant pre-
sented to the trial judge a proposed bill of exceptions, and
asked that the same be signed and made a part of the record.
This the judge refused to do, on the ground that the time for
filing the same had expired and no extension of time had been
granted; *held,* that this was not error.

APPEAL from a judgment of the district court of the
first district and from an order overruling a motion to
vacate and set aside the judgment and verdict.

Section 3402, 2 Comp. Laws, 1888, 295 is: The party
intending to move for a new trial, must, within ten days
after the verdict of the jury, if the action was tried by
a jury, or after notice of the decision of the court or
referee, if the action was tried without a jury, file with
the clerk, and serve upon the adverse party, a notice of
his intention, designating the grounds upon which the
motion will be made, and whether the same will be made

upon affidavits, or the minutes of the court, or a bill of exceptions, or a statement of the case. 2. If the motion is to be made upon a bill of exceptions, and no bill has already been settled as hereinbefore provided, the moving party shall have the same time after serving of the notice to prepare and obtain a settlement of a bill of exceptions as is provided after the entry of judgment, as provided by section 3395, *infra.*

Section 3398, Ib., referred to in appellant's brief, is as follows: When the decision excepted to was made by any judicial officer, other than a judge, the bill of exceptions shall be presented to such judicial officer and be settled and signed by him in the same manner as it is required to be presented to, settled and signed by a court or judge. If such judge or judicial officer, before the bill of exceptions is settled, dies, is removed from office, becomes disqualified, is absent from the Territory, or refuses to settle the bill of exceptions, or if no mode is provided by law for the settlement of the same, it shall be settled and certified in such manner as the Supreme Court may, by its orders or rules, direct, etc.

Section 3256, Ib., is: The court may, * * * upon such terms as may be just, relieve a party or legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, etc.

Section 3394, Ib., is: A bill containing the exception to any decision may be presented to the court or judge for settlement at the time the decision is made, and after having been settled, shall be signed by the judge and filed with the clerk.

Section 3395, Ib.: When a party desires to have exceptions taken at a trial settled in the bill of exceptions, he may, within ten days after the entry of judgment, if the

action were tried with a jury, or after receiving notice of the entry of judgment, if the action were tried without a jury, or such further time as the court in which the action is pending, or a judge thereof, may allow, prepare a draft of the bill and serve the same or a copy thereof upon the adverse party. * * * Within ten days after such service the adverse party may propose amendments thereto, and serve the same or a copy thereof upon the other party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement to the judge, etc.

The motion to vacate the judgment was accompanied by two affidavits to the effect that the lands sought to be taxed by the city in this case were agricultural lands far outside of the range of municipal benefits, or possible expenditures or improvements, etc. The other facts appear in the opinion.

*Messrs. Maloney and Perkins,* for the appellant.

The appellant asks the court to settle the bill of exceptions under section 3398, *supra.* The complaint is for taxes and shows that the ownership of real property and the legality of a tax is involved, and the answer of the defendant denies these allegations, and it was the duty of the justice to suspend further proceedings under section 3543, *supra.* *Golden* v. *Jennings,* 1 Utah, 138; *Monterey Co.* v. *Abbott,* 18 Pac. Rep. 113; *People* v. *House,* 4 Utah, 389; *Langford* v. *Monteith,* 102 U. S. 145. An appeal from a court having no jurisdiction does not invest the appellate court with original jurisdiction. *Downing* v. *Flover,* 4 Colo. 209; *Brandenburg* v. *Reithman,* 7 Colo. 323, 3 Pac. Rep. 577. Waiver or consent can never confer jurisdiction. *Crismon* v. *Tufts,* 3 Utah, 251. Appellant will be permitted to raise the question of

jurisdiction for the first time in this court. *Halleck* v. *Jandin,* 34 Cal. 167.    *Detroit Safe Co.* v. *Kelley,* 47 N. W. Rep. 187.    The city had no right to resort to this method of collecting taxes.    Another is provided by statute.    *Crismon* v. *Reich,* 2 Utah, 111; §§ 2020 and 2030, 1 Comp. Laws 1888, 227;    Laws of Utah, 1890, § 12, page 53.    The affidavits show conclusively that this property is not subject to municipal taxation.    *Territory* v. *Daniels,* 22 Pac. Rep. 159; *Salt Lake City* v. *Wagner,* 2 Utah 400.

*Messrs. Smith and Smith,* for the respondent.

ANDERSON, J.:

The plaintiff brought suit against the defendant before a justice of the peace, for taxes in the sum of $5.10. As the questions we are called upon to decide arise on the pleadings, it becomes necessary to set them out in full.    The complaint is as follows, to-wit: "Plaintiff complains and alleges that defendant became, and was on the 31st day of October last (1889), indebted to plaintiff in the sum of five dollars and ten cents ($5.10) as and for taxes due said city for the year 1889, on real estate and personal property of said defendant in said city, which defendant has refused and neglects to pay, though requested to do so.    Plaintiff demands judgment against the defendant for five dollars and ten cents ($5.10) and costs."    To the complaint the defendant filed the following answer: "Now comes said defendant, and for answer to plaintiff's complaint denies each and every allegation in said complaint, and as fully and completely as though each and every allegation was separately denied."    There was a trial before the justice of the peace, and judgment was given for the plaintiff and against the defendant for $5.10 and costs.    From this judgment the defendant

appealed to the district court, where there was a trial before the court and jury, on the 15th day of October, 1890, the defendant making no appearance, and a verdict returned in favor of the plaintiff for $5.45 under the direction of the court, on which judgment was rendered. There was a motion to set aside the verdict and judgment, which was overruled, and from the order overruling said motion and from the judgment this appeal is taken.

Counsel for defendant contend that the pleadings put in issue the title to real property and the legality of the tax sought to be collected, and that, under section 3543, vol. 2, Comp. Laws 1888, the justice of the peace had no jurisdiction to hear and determine the case, and that the district court acquired no jurisdiction by the appeal, and that the question of jurisdiction can be raised for the first time in this court. The section of the statute above referred to is as follows: " Sec. 3543. The parties to an action in a justice's court, cannot give evidence upon any questions which involve the title or possession of real property, or which involve the legality of any tax; * * * nor can any issue presenting such question be tried by such court, and, if it appear from the answer of the defendant, verified by his oath, or that of his agent or attorney, that the determination of the action will necessarily involve the question of title or possession to real property, or involve the legality of any tax, * * * the justice must suspend all further proceedings in the action, and certify the pleadings, and, if any of the pleadings are oral, a transcript of the same from his docket to the clerk of the district court of the district in which such justice's precinct is situated, and from the time of filing such pleadings or transcript with the clerk the district court has over the action the same jurisdiction as if it had been commenced therein." No issue respecting

the title or possession of real property, nor the legality of the tax, was raised by the pleadings before the justice; nor would evidence on either of these questions have been proper or necessary under the issues made by the pleadings.

The complaint having tendered no issue as to the title to real property or the legality of the tax, the defendant, in order to oust the jurisdiction of the justice, should by a verified answer have pleaded specially such facts as would have presented such issues. Neither the complaint nor the answer was verified, and the answer, containing only a general denial, raised no issue affecting the jurisdiction of the justice. As the justice's court acquired jurisdiction of the parties and had jurisdiction of the subject-matter of the action, it had jurisdiction to hear and determine the case as presented, and the district court likewise acquired jurisdiction by the appeal. In *Schroeder* v. *Wittram,* 66 Cal. 636, 6 Pac. Rep. 737, it was held, under a statute similar to the Utah statute, that a justice's court had jurisdiction of an action to recover a deposit made by a vendor under an executory contract for the sale of land, by which he agreed to purchase the land if the title was good, and in which it was stipulated that, if the title was not good, the deposit was to be returned. In that case the plaintiff gave evidence that the abstract furnished him disclosed two unpaid mortgages on the land, and that, on discovering this fact, he declined to complete the purchase, and demanded a return of his deposit, and the court held that the title to the land was not drawn in question thereby, and that the jurisdiction of the justice's court over such an action is not ousted by the fact that the title to the land is incidentally called in question on the trial; that, to occasion a loss of jurisdiction the title or right of possession must be directly involved. The action was for money

had and received, and the answer was a general denial, and neither the complaint nor the answer was verified, and the court say that there was no question of title or possession of real property presented by the complaint, nor in the issues raised by the complaint and answer. See, also, *Jordan* v. *Walker*, 52 Iowa, 647, 3 N. W. Rep. 679, and 56 Iowa, 686, 10 N. W. Rep. 232.

*Williams* v. *Mecartney*, 69 Cal. 556, 11 Pac. Rep. 186, was an action in a justice's court to recover $123.50 under a contract with the superintendent of the streets for the city of San Francisco, under which plaintiff paved the street in front of the defendant's property in said city. The complaint set out facts showing the defective condition of the streets, the service of a notice by the superintendent of streets upon defendant, requiring him to make the necessary repairs; his failure to make such repairs; the adoption of a resolution of the board of supervisors, directing the superintendent to contract for the repairs, etc. The answer denied the allegations of the complaint, and was not verified. The court held that the answer raised no question as to the legality of the indebtedness; that such an issue must be made by answer verified by the oath of the defendant, and, unless so raised, no evidence as to such legality could be received. No notice of intention to move for a new trial, nor any motion for a new trial, as provided in § 3402, Comp. Laws, was made in this case. The motion to set aside the verdict and judgment was made under section 3256, Comp. Laws, on affidavits and oral evidence, and was heard October 25 and overruled October 27, 1890. On the 8th day of December, 1890, counsel for defendant presented to the trial judge a bill of exceptions, and requested that the same be signed and made a part of the record, which the judge refused to do, because the same was not presented within the time provided by stat-

ute, no extension of time within which to present it having been granted. In this there was no error. Comp. Laws, 1888, §§ 3394, 3395. The appeal is on the judgment roll alone. We find no error in the record, and the judgment of the district court is affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.