PLEASANT GROVE CITY, a Corporation, Plaintiff and Respondent *v.* ARTEMAS HOLMAN, Defendant and Appellant.

Justice's Jurisdiction of Action Involving Legality of Tax —Issue Raised by Verified Answer—Certification to District Court—Dismissal.

1. *Justice's Jurisdiction—Action Involving Legality of Tax—Answer Must be Verified.*

Under Sec. 3543 C. L. U. 1888, ( Rev. Stat. 1898, Sec. 3674 ) which provides that if it appears from the verified answer of the defendant that the determination of the action will necessarily involve the question of title or possession to real property, or involve the legality of any tax, etc., the justice must suspend proceedings and certify the case to the district court for trial; an unverified answer raising the question of the legality of a tax does not oust the justice of jurisdiction. Unless the answer is verified no issue is raised as to the legality of the tax, and the justice has jurisdiction to hear and determine the case on such issues as are properly raised.

2. *Same—Action Improperly Certified to District Court—Jurisdiction—Dismissal.*

Where a justice of the peace has jurisdiction to hear and determine a case and improperly certifies it to the district court, in attempting to comply with the provisions of Sec. 3543 C. L. U. 1888 ( R. S. 1898, Sec. 3674 ) the district court acquires no jurisdiction and should remand the case to the justice's court on motion.

( Decided November 9, 1898. )

Appeal from the District Court Sevier County, Hon. William McCarty, *Judge.*

Action by Pleasant Grove City, a corporation, against Artemas Holman to recover a water tax levied by the city corporation. Action certified to the district court where judgment was rendered against defendant. Defendant appeals. *Reversed.*

*Messrs. King & John and A. Saxey, Esq.,* for appellant.

Under section 3543 Compiled Laws of Utah 1888 a justice has power to transfer the cause only after the filing of a verified answer containing matter involving the legality of a tax, or setting up some other ground contained in said section, and only from the time of the filing of such pleadings with the clerk does the district court acquire jurisdiction of the action.

The jurisdiction of the district court in such cases is special. 56 Cal. 143; 11 Pacific, 186.

The justice's court had jurisdiction of the subject matter and acquired jurisdiction of the parties, and unless divested thereof by the statutory method, could not legally transfer the case to the district court. 26 Pacific, 284; 11 Pacific, 186.

*Messrs. Rawlins, Thurman, Hurd & Wedgewood* and *E. E. Corfman, Esq.,* for respondent.

There is but one question involved: Did the court have jurisdiction.

This has been settled in the case of *People* v. *House,* 4 Utah, 378.

The jurisdiction of justices of the peace under the constitution of the State remains the same as it was at the time of the adoption of the constitution. Constitution, Art. 8, Sec. 8.

In effect this section declares that justices of the peace shall not have power to try cases involving title to real estate, the validity of a tax, etc.

MINER, J.

This action was brought in a justice's court to recover a water tax levied by the city corporation. The defendant filed an answer denying the plaintiff's right to control, regulate, or distribute the water, or to collect the tax in question. By the answer the validity of the tax was brought in question. The answer, however, was not verified as required by the statute. Without proceeding to a trial or hearing of the cause, the justice certified all the proceedings to the district court under Sec. 3543, C. L. U. 1888, which provides that, if it appear from the answer of the defendant, verified by his oath, or that of his agent or attorney, that the determination of the action will necessarily involve the question of title or possession of real property or involve the legality of any tax, impost, toll, or municipal fine, the justice must suspend all further proceedings in the action and certify the pleadings to the clerk of the district court, and from that time the district court shall have jurisdiction of the same as if the action had been originally commenced therein. Thereupon the defendant, appearing for the purpose of the motion only, made a motion in the district court that the case be remanded to the justice's court, on the ground that the district court had no jurisdiction in the case for the reason that the defendant's answer was not verified, and no issue was raised involving the validity of any tax; and that the jurisdiction of the district court depended upon the verification of the answer. The motion was overruled, and judgment rendered for the plaintiff for the amount of the

tax, from which judgment this appeal is taken by the defendant.

The question presented is whether the justice's court was divested of jurisdiction of the case and of the parties thereto, and whether the district court obtained jurisdiction thereof because of the failure of the defendant to verify his answer.

In the case of *Willard City* v. *Woodland,* 7 Utah, 192, where the title to real estate was in question under the same statute and neither the complaint or answer were verified, the territorial supreme court said:

"The complaint having tendered no issue as to the title to real property or the legality of the tax, the defendant, in order to oust the jurisdiction of the justice, should by a verified answer have pleaded specially such facts as would have presented such issues. Neither the complaint nor the answer was verified, and the answer, containing only a general denial, raised no issue affecting the jurisdiction of the justice. As the justice's court acquired jurisdiction of the parties and had jurisdiction of the subject-matter of the action, it had jurisdiction to hear and determine the case as presented, and the district court likewise acquired jurisdiction by the appeal.

In *Williams* v. *McCartney,* 69 Cal. 556; 11 Pac. Rep. 186, the court held that the justice's court had jurisdiction of an action to recover a sum of money less in amount than $300, due on an assessment for street work, in a municipality, unless the legality of the assessment is questioned, when the superior court acquires jurisdiction; but such question can only be raised by answer, verified by oath of the defendant, and unless so raised no evidence of such legality can be received, and the justice's court retains jurisdiction. The question cannot be raised in the superior court on an appeal from the justice's court.

In the case of *Lanford* v. *Monteith*, 102 U.' S. 145, it is held that where in a civil suit before a justice of the peace'of the Territory of Idaho, it appears by the answer of the defendant, verified by his affidavit, that the question of title to real estate is necessarily involved, the justice should certify the case to the district court for trial. If he proceeds to try it, it must, on appeal from his judgment be dismissed, because after the verified answer was filed raising the issue of the title to real estate, there could have been no legal trial before the justice.

The case of the *People* v. *House*, reported in 4 Utah, 369, relied upon by respondent, is not in point here, as in that case the court held that the territorial act of the legislature requiring the answer, in a case where title to land was in question, to be verified, was in conflict with the law of Congress which did not require such verification, and that the law of Congress superseded the act of the territorial legislature.

We are of the opinion that no issue was raised in the justice's court affecting the legality of the tax under the answer because it was not verified as required by the statute so as to raise that issue. Under the statute the legality of the tax sued for could only be raised, so as to oust the justice of jurisdiction, by the answer of the defendant verified by his oath or that of his agent or attorney, showing that the determination of the case would necessarily involve the question of the invalidity of the tax, etc.

In the absence of a verified answer the justice's court had jurisdiction of the parties and subject-matter of the action, and jurisdiction to hear and determine the case as presented. The validity of no tax was in issue under the pleadings, and the district court could acquire no jurisdiction in the case from the fact that it was certified thereto

by the justice.   The justice had no right to certify it to the district court under the pleadings.

We are of the opinion that the motion of appellant to remand the case should have been granted.   The case is remanded to the district court with instructions to vacate, reverse, and set aside the judgment rendered therein, and to remand the case to the justice's court from whence it originated for further proceedings.

The appellant is entitled to costs of both courts.

ZANE, C. J. and BARTCH, J., concur.