[No. 8,248. In Bank.—April 24, 1885.]

## C. SCHROEDER, RESPONDENT, *v.* F. WITTRAM, APPELLANT.

JUSTICE'S COURT—CONTRACTS FOR SALE OF LAND—ACTION TO RECOVER DEPOS-IT—JURISDICTION.—A justice's court has jurisdiction of an action to recover a deposit made by a vendor under an executory contract for the sale of land, by which he agreed to purchase the land if the title was good, and in which it was stipulated that if the title should not be good, the deposit was to be returned.

ID.—EVIDENCE OF TITLE—TRIAL.—On the trial of the action, the plaintiff gave evidence that the abstract of title with which he was furnished disclosed that two unpaid mortgages incumbered the land, and that upon ascertaining the fact, he declined to complete the purchase, and demanded a return of his deposit. *Held,* that such evidence established a *prima facie* case in favor of the plaintiff, and that the title to the land was not directly drawn in question thereby.

ID.—JURISDICTION, HOW LOST.—The jurisdiction of the justice's court over such an action is not ousted by the fact that the title to the land is incidentally called in question on the trial. To occasion a loss of jurisdiction, the title or right of possession must be directly involved.

ID.—OPINION AS TO TITLE.—The opinion of a witness as to the title to real property is not evidence of title.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*C. Wittram*, for Appellant.

*F. J. Castelhun*, for Respondent.

McKEE, J.—This is an appeal from the judgment of a Superior Court, rendered in a trial *de novo* of a case on appeal from the judgment of a justice's court, taken on questions of both law and fact. The contention made by the appellant is, that the judgment is void, because the justice's court had no jurisdiction to try and determine the action, it being an action in which the question of title to real property was involved.

Unquestionably, a justice's court has no jurisdiction of an action " which involves the title or possession of real property." Original jurisdiction to hear and determine such cases has been vested by the constitution in the several Superior Courts. (§ 5, art. VI., Cons.) But the very question here is, whether the action in which the judgment appealed from was rendered is of

that character.   We think it is not.   It is, in its scope and object, merely an action to recover a deposit made by the plaintiff, as a party to an executory contract for the sale of real property, by which he agreed to purchase the property at a stipulated price if the title was good, and in which it was stipulated, " if the title should not be good, the deposit was to be immediately returned, fifteen days being given for legal search of title."

Upon an examination of the records of the title, made within the contract time, the plaintiff found that the land which he proposed to buy was incumbered, and that the title to it was not good.   He thereupon immediately notified the vendor of the fact, and demanded a return of the deposit, and payment of the expenses incurred in the search of title.   This the defendant refused, and the plaintiff brought the action in hand to recover judgment for the amount.

If the plaintiff could not obtain what he proposed to buy, i. e., title to the land, he had the right to refuse to buy, and to recover back any money he may have deposited as security for the performance of his contract.   This right is grounded upon the fact, as ascertained by him upon an examination of the records of the title, that the land was incumbered, or that the title was apparently defective.   Where that fact exists, a purchaser of real property cannot be compelled to take it.

"It is a principle obviously just," says the Supreme Court of Maryland, " that a vendee is entitled to have that for which he contracts, before he can be compelled to part with the consideration he agreed to pay.   He is not to take an estate fettered with incumbrances * * * He is not bound to accept anything short of an unincumbered legal estate in fee." ( *Gill* v. *Wells*, 59 Md. 493.)   So says the Court of Appeals of New York: "A contract to sell land can only be performed by a conveyance that will vest in the grantee an unincumbered and indefeasible estate." (*Delavan* v. *Duncan*, 49 N. Y. 485.) When, therefore, a purchaser of real estate finds, from the search of title, that he cannot obtain title from the proposed vendor, he is not bound to accept the land without a good title, any more than he would be bound to receive personal property which did not correspond with the description given of it.   The personal property he can return, and the land he can refuse

to take. In either case equity will not compel him to buy; and what absolves him in equity will discharge him at law from responsibility upon the contract to buy. In legal effect the consideration of such a contract fails; and a failure of the consideration ends the contract. What is known in the civil law as redhibition, and in our law as recission of the contract, or dissolution of the proposed sale, takes place, and the buyer and seller are restored to their original position—the law vesting the buyer with a right to a return of any money which he may have paid upon the contract, and to a legal remedy to enforce the return of it, by an action against the seller as for money had and received.

As an action for money had and received, the justice's court in which the complaint was filed had jurisdiction. The statement of the cause of action showed: That plaintiff deposited with defendant $50 as security to perform the contract which he had made for the purchase of the land, if the title was good; that the defendant promised to immediately return the deposit if the title should not be found good, within the time allowed for the search of the records of title; that within that time the plaintiff, having ascertained that the title was not good, declined to complete the purchase, and demanded a return of his deposit and the expenses incurred by him in the examination of the records of the title, which were refused, and he asked judgment for $125 and costs. Upon that statement of his cause of action the plaintiff would have been entitled to judgment for the amount demanded, if the defendant had failed to appear and answer the complaint. (Subdivision 1, § 871, C. C. P.) But defendant appeared and answered by a general denial. The complaint was not verified, nor was the answer. So that there was no question of title or possession of real property presented by the complaint, nor in the issues raised by the complaint and answer; and as the justice's court acquired jurisdiction of the parties, and had jurisdiction of the subject-matter of the action, it had jurisdiction to hear and determine it.

It is said, however, that to maintain the action evidence of title was necessary; and as the parties to the action could not, under section 838, C. C. P., give evidence upon any question which involved the title, the justice must have exceeded his jurisdiction in hearing and determining upon such evidence.

But as has been already shown, there was no question of title involved in the statement of the cause of action, nor in the issues raised by the pleadings ; and it appears by the record before us that the plaintiff, in making out his case, gave no evidence of title. He gave evidence tending to prove the averments of his complaint, and that the abstract of title with which he was furnished disclosed that " two unpaid mortgages incumbered the land," etc., and that upon ascertaining the fact he declined to complete the purchase, and demanded a return of the money which he had paid. This made out a *prima facie* case. (*Morange* v. *Morris*, 3 Keys, 48 ; *Franchot* v. *Leach*, 5 Cow. 506 ; *Lawrence* v. *Taylor*, 5 Hill, 107 ; *Hartley* v. *James*, 50 N. Y. 38.) The title to the land was not directly drawn in question by the plaintiff's proof. By his evidence, he showed that the condition of the title was such as to put him in a position to treat the contract between himself and the defendant as rescinded, and that he did, in fact, rescind it. Of his right to rescind, upon ascertainment of the fact that the subject of the contract was so incumbered that the title could not be transferred, there can be no question (§ 1689, C. C.); and as rescission for that cause in law extinguished the contract (§ 1688, C. C.) the parties were put in *statu quo*, and the plaintiff was entitled to judgment.

In his defense, the defendant gave no direct evidence of title. The burden of his defense was, that in his opinion the title was good. But the opinions of witnesses as to the title of real property are not evidence of title. He did not dispute the existence of the mortgage upon the land, and he gave no evidence tending to show an offer to have the mortgage released, or the tender of a good and sufficient deed to the property. There was, therefore, neither in the action itself nor in the trial of the action any want or excess of jurisdiction in the justice's court.

Undoubtedly, the apparently defective condition of the *title*, as shown by the evidence of the plaintiff, was a fact in the case; but, as a fact, it was merely incidental or collateral to the right of the plaintiff to recover back his money. The proof of such a fact for the purpose of showing failure of consideration of a contract or its rescission, so as to dissolve a sale, and place the parties to it in *statu quo*, did not involve the justice in a direct

contest between the parties as to the validity of the title to the subject of the sale. As was observed in *Holman* v. *Taylor*, 31 Cal. 341, and *Pollock* v. *Cummings*, 38 Cal. 684, it is not enough that the title or possession of real property is a fact in controversy, or incidentally in question; it is the title or right of possession which must be directly involved. So when a defendant in a criminal action, before a justice of the peace, for obstructing a highway, filed a general denial, supported by affidavit of the title to the land, under a statute which prohibited justices of the peace from trying actions which involved the title of real property, the Supreme Court of Indiana held that jurisdiction of the justice over such an action was not ousted by the fact that the title to the real estate might incidentally come in question. "It is obvious," say the Supreme Court of Vermont, "that the title of land may incidentally come in question in various forms of action—as, for instance, in assault and battery, where the defendant justifies the assault in defense of his freehold. I apprehend that in such a case the jurisdiction of the justice would not be arrested." (*Haven* v. *Needham*, 20 Vt. 183.) "Upon principle and upon the decisions," say the same court, "we think the jurisdiction depends upon the nature of the action; and that whenever the declaration is of such a character that under the general issue or any other plea, merely putting the plaintiff to the necessity of proving his declaration, he is bound to either prove or disprove a title to land, then the justice has no jurisdiction to try the case. But when the declaration is such as not to require the proof of title to land to sustain, and such question only comes into the case by reason of some special line of defense, then the justice is not ousted of jurisdiction to try the action. There is hardly any form of action in which the title or ownership of land may not incidentally arise, and it would be productive of infinite confusion and mischief to hold that in all cases wherever that is the case, the jurisdiction ceases, and the parties are remitted to a new litigation in another forum." (*Jackeway* v. *Barrett*, 38 Vt. 326.) Upon this principle rest the cases of *Livingston* v. *Morgan*, 53 Cal. 23, and *Ghirardelli* v. *Green*, 56 Cal. 629, decided by this court.

It follows that the justice's court had jurisdiction, and that the Superior Court acquired jurisdiction by the appeal from the

justice's judgment. And as the original demand and the judgment thereon were for less than $300, the judgment appealed from was unappealable. The appeal must therefore be dismissed, and it is so ordered.

SHARPSTEIN, J., concurred.

MYRICK, J., concurring.—I concur in the judgment of dismissal. The action having been commenced in the justice's court, this court has no appellate jurisdiction, it not being a case transferred to the Superior Court under section 838, C. C. P.

THORNTON, J., concurring.—I concur in the conclusion reached by Justice McKee, that the appeal herein should be dismissed, but on other grounds than those stated in his opinion.

The complaint in the justice's court stated a case wherein that court had jurisdiction. On a demurrer to it, on the ground that the court did not have jurisdiction, the demurrer must have been overruled. This is the test of jurisdiction. (See *U. S.* v. *Arredondo*, 6 Pet. 709; *Grignon's Lessee* v. *Astor*, 2 How. U. S. 338.)

Section 838, C. C. P., provides that " the parties to an action in the justice's court cannot give evidence upon any question which involves the title or possession of real property," nor can any issue presenting such question be tried by such court ; and if it appears from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title to or possession of real property, the justice must suspend all further proceedings in the action, and certify the pleadings to the Superior Court of the county ; and from the time of filing such pleadings or transcript with the clerk, " the Superior Court shall have the same jurisdiction over the action as if it had been commenced therein."

The defendant in the action in the justice's court did not file any verified answer, as required by the statute above cited. His answer was a general denial of the allegations of the complaint. It is true, he moved to transfer the action to the Superior Court, on the ground that the title to real property was involved. This did not oust the justice's court of its jurisdiction. The

justice was only called on to transfer the cause when a verified answer was filed, as required by the statute. The justice did not err, therefore, in proceeding with the cause. In the state of the pleadings before him, the justice could not hear any evidence upon any question involving the title or possession of real property. This was also true of the Superior Court, when the cause came before it on appeal. The court last named should have excluded all evidence in relation to title to real property, as there was no such question before it.

In this view the trial was regular; the amount in dispute being less than $300, no appeal lay to this court. For this reason, I am of opinion that the appeal should be dismissed.

MORRISON, C. J., dissenting.—In my opinion the case involved a question of title to land, and the justice of the peace before whom the action was brought had no jurisdiction to try the same.

Rehearing denied.