[S. F. No. 1673.   Department Two.—December 1, 1898.]

BERT EDSALL, Respondent, v. WILLIAM SHORT et al., Respondents.  EDWARD ACKLEY, Intervenor, Appellant.

APPEAL FROM JUSTICE'S COURT—DISPUTED CLAIMS FOR WAGES—JURISDICTION OF SUPREME COURT.—The supreme court has no jurisdiction, under the constitution, of an appeal from a judgment rendered in the superior court, upon appeal from a justice's judgment in an action brought under section 1206 of the Code of Civil Procedure, to enforce disputed claims of employees of an execution debtor for wages, of which payment was claimed out of the proceeds of sale of personal property levied upon by the sheriff, whether the action be viewed as a suit in equity to enforce liens upon personal property, or as an ordinary action for wages due.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

M. G. Cobb, and George Johnson, for Appellant.

Thomas A. McGowan, and F. H. Smithson, for Respondent.

BEATTY, C. J.—Respondents move to dismiss this appeal upon the ground that it is not within the jurisdiction of the court.  The case is this: The intervenor, Ackley, obtained a judgment against the defendant Short.  Defendant Whelan, who is sheriff of San Francisco, levied execution upon property of Short of a value less than three hundred dollars.  Edsall, for himself and as assignee of others claiming to have been employees of Short, made a demand upon Whelan, under the provisions of section 1206 of the Code of Civil Procedure, that he pay over to them the proceeds of the execution.  The execution creditor, Ackley, disputed the indebtedness, and Edsall thereupon commenced an action in the justice's court to establish his own and assigned claims, which altogether amounted to less than three hundred dollars.  Ackley intervened and contested the claims, but judgment passed for the plaintiff, and on appeal to the superior court, after a trial de novo, judgment was again given for the plaintiff.  Ackley moved for a new trial, which was denied, and this is an appeal from that order.

Appellant, in opposition to the motion to dismiss, contends that this is a suit in equity of which the superior court and justice's court had concurrent jurisdiction, or that it is a special proceeding, and that, having been brought into the superior court from the justice's court, an appeal lies to this court under the first clause of section 963 of the Code of Civil Procedure.

The mere fact that this case was brought into the superior court by an appeal cannot furnish the test of our appellate jurisdiction, for if it did there would be an ultimate appeal to this court in every action commenced before a justice of the peace. But if the case is one in which the supreme court has appellate jurisdiction under the constitution, notwithstanding the fact that it was commenced in the justice's court, the practice of taking an appeal first to the superior court and next to this court is probably correct in view of the first clause of section 963 of the Code of Civil Procedure. The question, however, is not as to the correct practice in such a case, but is a question as to the jurisdiction conferred upon this court by the constitution. Turning to that instrument, we find that the legislature is inhibited from conferring upon justices' courts concurrent jurisdiction with the superior courts except in cases of forcible entry and unlawful detainer, and in cases to enforce and foreclose liens on personal property when neither the amount of the lien nor the value of the property amounts to three hundred dollars. (Const., art. VI, sec. 11.) There can be no concurrent jurisdiction in the two courts of any special proceeding other than these two, and, since it is not pretended that this is an action in forcible entry or unlawful detainer, there was no concurrent jurisdiction unless it was an action to enforce and foreclose liens, and therefore an action in equity. Conceding, without deciding, that such was the case, it is specially excepted from the appellate jurisdiction of this court by the fact that it arose in the justice's court. (Const., art. VI, sec. 4.)

If it was not an action to enforce or foreclose liens, it was not a special proceeding at all, but an ordinary action for wages due— the only thing to distinguish it from such an action being the fact that the claim when established would be the subject of a preferred lien upon the funds in the hands of the sheriff. In whichever light, therefore, it may be regarded—as a suit in

equity or as an action at law—no appeal lies to this court from the judgment or any order in the case.

Appeal dismissed.

McFarland, J., and Henshaw, J., concurred.