[Sac. No. 851.    Department One.—December 13, 1901.]

## CHARLES KING, Respondent, v. KUTNER–GOLDSTEIN COMPANY, Appellant.

JUSTICE'S COURT—JURISDICTION—TITLE AND POSSESSION OF LAND—MANDATORY STATUTE—EVIDENCE—TRIAL OF ISSUE—DUTY OF COURT.—Under the mandatory provisions of section 838 of the Code of Civil Procedure, a justice's court has no jurisdiction to receive evidence upon, or try, any issue involving the title or possession of real estate; and when any evidence is offered upon such an

issue, it is made the imperative duty of the justice to suspend all further proceedings, and to certify the pleadings, or a transcript of oral pleadings from his docket, to the clerk of the superior court.

ID.—PLEADING—ACTION OF TRESPASS—UNVERIFIED ANSWER.—Where the complaint was for a trespass upon land, of which the plaintiff alleged that he was the owner and entitled to the possession during the period of the alleged trespass, the fact that the answer was not verified, and presented a general denial of the allegations of the complaint, did not waive objection to the jurisdiction, nor vest the court with jurisdiction to try the issue raised by the pleadings as to the right of possession of the land.

ID.—TEST OF JURISDICTION.—The facts, and not the verified answer, constitute the final test of jurisdiction of an action begun in a justice's court.

ID.—LACK OF CONSTITUTIONAL JURISDICTION NOT WAIVED.—The lack of jurisdiction under the constitution cannot be waived by the action of one or both parties; nor can they vest a court with a jurisdiction which it does not possess under the constitution.

ID.—JURISDICTION UNDER CODE.—The justice's court cannot exercise jurisdiction under the code which is broader than the jurisdiction given by the constitution, and any statutory provisions to that effect must fail.

ID.—APPEAL UPON QUESTIONS OF LAW—REVERSAL OF JUDGMENT.—Where an appeal was taken to the superior court upon questions of law, upon a record which showed that evidence was adduced by both parties which clearly showed that the right of possession and title to the land mentioned in the plaintiff's complaint was involved, it was the duty of the superior court to reverse the judgment.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge.

The facts are stated in the opinion of the court.

William L. McGuire, for Appellant.

Hudson & Pryor, for Respondent.

GAROUTTE, J.—This is an action brought to recover damages for the trespass of sheep. It was originally brought in the justice's court, where a judgment was rendered against defendant. Thereupon an appeal was taken to the superior court, upon questions of law alone, and the judgment affirmed. The present appeal is prosecuted from the judgment rendered in the superior court. The point is here made that the judgment of the justice's court was void, the cause of action being

without the jurisdiction of that court; and the judgment of that court being void, it is contended that the judgment of the superior court upon appeal, upon questions of law alone, was also void.

The facts material to a consideration of this question are these: Plaintiff paid five hundred dollars to defendant as a part of the purchase price of a certain tract of land, the balance to be paid thereafter, if title proved good. Plaintiff being satisfied with the title, paid the balance of the purchase price and received his deed. He then brought the present action for damages for trespass upon the land, occurring between the date of the first payment and the delivery of the deed, claiming by his complaint that he was the owner and entitled to the possession during that period. Defendant filed an unverified answer, denying all the allegations of the complaint, and the case went to trial upon the facts. The following stipulation of the respective attorneys appears in the amended statement upon appeal from the justice's court to the superior court: " Witnesses were sworn on both sides, and evidence was adduced which clearly showed that the right of possession and title to said land mentioned in plaintiff's complaint was involved."

In view of the foregoing recital contained in the statement upon appeal to the superior court, it is very evident that the justice's court had no jurisdiction to try the action. When the facts contained in the foregoing recital were adduced before the justice of the peace, he should have stopped the proceedings forthwith. It is contended upon the part of respondent that the answer of the defendant not being verified, he thereby waived any and all objections to the jurisdiction of the court over the subject-matter of the action. In answer to this proposition, it is sufficient to say that neither a party nor both parties can vest the court with a constitutional jurisdiction to which it is otherwise a stranger. If the failure of the defendant to verify his answer in this particular case vested the justice's court with jurisdiction to try the title and the right of possession to this particular tract of land, then, by the same character of proceedings, a justice's court could be vested with jurisdiction to try an action of ejectment or any other action involving the title or right of possession to real estate. In support of his contention in this regard, respondent relies

upon section 838 of the Code of Civil Procedure, which provides: "The parties to an action in a justice's court cannot give evidence upon any question which involves the title or possession of real property, . . . nor can any issue presenting such question be tried by such court; and, if it appear from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title or possession to real property, . . . the justice must suspend all further proceedings in the action, and certify the pleadings, and if any of the pleadings are oral, a transcript of the same, from his docket, to the clerk of the superior court." The language of the section is clear and explicit to the effect that the parties are not allowed to give evidence upon any question which involves the title or possession of real property, and the section further declares that no issue can be tried by the court which presents such a question. It is difficult to see how language could be plainer or more mandatory in its terms. In the present case the defendant filed an unverified answer; but that fact of itself is immaterial, for an unverified answer where the complaint is unverified raises every issue that a verified answer would, and in this case issues were raised by the answer to every allegation of the complaint. It is said in *Rowley, executor,* v. *Howard,* 23 Cal. 401: " The complaint is not verified, and the answer denies generally the allegations of the complaint. This averment cannot, therefore, be held as admitted. It is true that the act in question requires the answer to be verified; but this does not change the rule established by section 46 of the Practice Act." Indeed, the language of the section of the code itself contemplates that the answer in cases covered by it may be oral, and if this be so, it is evident that a verification is not absolutely necessary. There is some language found in *Williams* v. *Mecartney,* 69 Cal. 556, which possibly infringes upon these views. If there be an infringement, the doctrine here announced must prevail, for it must be deemed an elementary principle that the facts, and not the verified answer, constitute the final test of jurisdiction upon any cause of action inaugurated in a justice's court.

There is some point made by respondent as to the jurisdiction vested in the justice's court by section 112 of the Code of Civil Procedure. It is not necessary to carefully examine

subdivision 2 of said section for the purpose of determining the extent of the jurisdiction attempted to be vested in justices' courts by that subdivision. It is sufficient to say that if the jurisdiction there granted is broader than the jurisdiction given by the constitution, then the provisions to that effect must fall.

It follows, from the foregoing views, that the justice's court had no jurisdiction to render the judgment made by that court, and that being so, the appeal to the superior court being taken upon questions of law alone, that court should have reversed the judgment theretofore rendered in the justice's court.

For the foregoing reasons the judgment is reversed.

Harrison, J., and Van Dyke, J., concurred.