[Sac. No. 1849. Department One.—December 23, 1910.]

## A. C. DUNGAN, Respondent, v. T. E. CLARK, Appellant.

JUSTICE COURT—ACTION ON NOTE—DEFENSE INVOLVING TITLE OR POS-
SESSION OF REAL PROPERTY—TRANSFER TO SUPERIOR COURT.—Where
an action is properly commenced in a justice's court on a promissory
note, and the defendant files a verified answer setting up that the
note was given in consideration of the sale of a half interest in a
pumping plant situated upon a described tract of land and a like
interest in a pipe-line extending from said pumping plant to defend-
ant's premises, and that the consideration for the note had wholly
failed for the reason that the plaintiff did not own or possess the
half interest, an issue is raised involving a question of the title or
possession of real property, within the meaning of section 838 of
the Code of Civil Procedure, requiring the justice to certify the
pleadings to the superior court.

ID.—JURISDICTION OF SUPERIOR COURT—FINDING AGAINST DEFENSE.—The
jurisdiction of the superior court to hear and determine such action
is not ousted by reason of the fact that it found against the defend-
ant on such defense.

APPEALS from a judgment of the Superior Court of
Tulare County and from orders refusing to vacate the judg-
ment and to quash an execution. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

T. E. Clark, in *pro. per.*, for Appellant.

Bradley & Bradley, for Respondent.

SLOSS, J.—This action was commenced in a justice's court
of Tulare County. The complaint was in two counts, one to
recover one hundred and twenty-five dollars together with
twenty-five dollars attorney's fees on a promissory note, and
the other to recover $53.99 for electrical power furnished to
the defendant at his request.

The defendant filed a verified answer, setting up, as a de-
fense to the action on the note that said note was delivered
in consideration of the sale by plaintiff to defendant of a half
interest in a pumping plant situated upon a described tract

of land, and a like interest in a pipe-line extending from said pumping plant to defendant's premises; that the consideration for the note wholly failed for the reason that plaintiff did not own or possess the half interest which he undertook to convey. The defendant alleges that in consequence he has never been able to obtain from said pumping plant any water for the irrigation of his land.

Upon the coming in of this answer, the justice, finding that the question of title and possession of real property was involved, certified the pleadings to the clerk of the superior court of Tulare County (Code Civ. Proc., sec. 838).

The case was tried by the superior court, which, after making findings to the effect that all the allegations of the complaint were true and that none of the allegations or denials of the answer were true (except that the consideration of the note was the sale of a half interest in the pumping plant and pipe-line and that plaintiff had conveyed such interest to defendant), entered judgment in favor of plaintiff as prayed.

The defendant appeals from the judgment, and from subsequent orders denying motions to vacate the judgment and to quash an execution.

On all three appeals the appellant presents the same point, which is that the action was one within the exclusive jurisdiction of the justice's court, and that the superior court was without jurisdiction to hear and determine it. The suit being one "on an action arising on contract to recover money only," in which "the sum claimed, exclusive of interest, does not amount to $300," the complaint was properly filed in the justice's court (Code Civ. Proc., sec. 112). The appellant's argument is that the answer fails to show that the title or possession of real property was involved in such manner as to justify a transfer of jurisdiction to the superior court.

Section 838 of the Code of Civil Procedure provides that "the parties to an action in a justice's court cannot give evidence upon any question which involves the title or possession of real property . . . ; nor can any issue presenting such question be tried by such court; and if it appear, from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title or possession to real property . . . the justice must suspend further proceedings . . ." etc. and certify the plead-

ings to the clerk of the superior court, which court shall have the same jurisdiction as if the action had been commenced therein. The purpose of this section is to secure to the superior court the right to hear and determine the causes that are, by the constitution, placed within its jurisdiction. The defendant, by the verified answer here filed, based his defense upon the proposition that the plaintiff had no title to the pumping plant and pipe-line which he assumed to transfer as a consideration for the note sued on. That the pumping plant and pipe-line were real property is not questioned. To maintain his defense, the defendant was bound to offer evidence to show that plaintiff was not the owner of this real property, and the court was required in order to determine the rights of the parties to decide whether or not plaintiff was such owner. Under the construction given to section 838 of the Code of Civil Procedure by this court, the question of title was involved. It is true that in *Schroeder* v. *Wittram,* 66 Cal. 636, [6 Pac. 737], one of the opinions contained expressions to the effect that the justice's court is not ousted of jurisdiction where the title of real property is only *incidentally* involved. But, as is pointed out in later decisions (*Copertini* v. *Oppermann,* 76 Cal. 184, [18 Pac. 256]; *Hart* v. *Carnall etc. Co.,* 103 Cal. 132, [37 Pac. 196]), the opinion in question was not that of a majority of the court, and is not to be regarded as authority. In the Copertini case, the court, quoting from the opinion in *Holman* v. *Taylor,* 31 Cal. 338, adopts this language: "The idea intended to be embodied in the phrase 'cases at law which involve the title or possession of real property' may be expressed by the paraphrase: 'Cases at law in which the title or possession of real property is a material fact in the case, upon which the plaintiff relies for a recovery or the defendant for a defense.' When the title or claim of title, the possession or right of possession, of real property, or any right growing out of or dependent upon either, is alleged in the pleadings as an issuable fact, the case is within the meaning of the constitutional provision." Similarly in *Hart* v. *Carnall etc. Co.,* 103 Cal. 132, [37 Pac. 196], it is declared that: "If the issue of title or possession is so involved that it must be decided in order to determine the case, the superior court has original, and this court appellate jurisdiction, whether the involution may be

said to be merely incidental or not." (See, also, *Raisch* v. *Sausalito Land Co.,* 131 Cal. 215, [63 Pac. 346]; *King* v. *Kutner-Goldstein Co.,* 135 Cal. 65, [67 Pac. 10].) The justice was therefore right in certifying the pleadings to the superior court, which, under the averments of the answer, had original jurisdiction of the action.

There is clearly no merit in the suggestion of appellant that the superior court lost jurisdiction because it found against some of the affirmative allegations of the answer. These were the averments that plaintiff had no title to the property which he undertook to convey in consideration of the note and that thereby defendant lost his opportunity to obtain water. The fact that the finding on the issue of title urged as a defense was adverse to defendant cannot affect the jurisdiction.

It may be noted that appellant's contention that the case is one within the exclusive jurisdiction of the justice's court is destructive of its own purposes. For, if the superior court is without original jurisdiction of the case because it is a simple action at law in which the demand, exclusive of interest does not amount to three hundred dollars (Const., Art. VI, sec. 5) the supreme court (or the district court of appeal) is for the same reason without jurisdiction to entertain the appeal. The appellate jurisdiction of this court and of the court of appeal is defined by the constitution (Art. VI, sec. 4) and neither tribunal is given such jurisdiction in a case such as the appellant claims this one to be. Accordingly, the only result of appellant's argument, if it were well founded, would be that the appeals must be dismissed as beyond the jurisdiction of this court. (*Sweet* v. *Tice,* 45 Cal. 71; *Edsall* v. *Short,* 122 Cal. 533, [55 Pac. 327]; *Raisch* v. *Sausalito etc. Land Co.,* 131 Cal. 215, [63 Pac. 346].)

The judgment and orders appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.