[Civ. No. 1829.   Second Appellate District.—October 20, 1916.]

## MARY WILLS, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

RAILROAD CORPORATION—FAILURE TO FENCE TRACK—KILLING OF DOMESTIC ANIMAL—RIGHT OF ACTION—CONSTRUCTION OF CODE.—The provisions of section 485 of the Civil Code, as that section existed prior to the amendment of 1915, giving a right of action against a railroad company for the killing or maiming of a domestic animal upon its line of road which passes through or along the property of the owner thereof, in case of the company's failure to fence the track, are not intended to be for the benefit of the owners of stock running at large, but the right of action there given exists only in favor of one having some interest in land adjoining the right of way of the railroad.

ID.—ACTION BY LESSEE—INTEREST IN LAND—FAILURE OF PROOF.—In an action against a railroad corporation for damages on account of the loss of certain horses of the plaintiff- which were killed by a collision with one of the defendant's trains by reason of the negligence of the defendant in permitting the gate in its fence inclosing its right of way to be left open and the animals to stray thereon from adjacent land, the right of the plaintiff in or to the land is not established by proof that she leased the land from a third party, without any further proof that such party owned the land, or any interest therein, or that he was in possession of it, or that the plaintiff obtained possession through him.

ID.—CLOSING OF GATES—DUTY OF RAILROAD CORPORATIONS—ERRONEOUS INSTRUCTION.—An instruction declaring it to be the duty of a railroad corporation to keep gates in fences along its tracks closed on all proper occasions to prevent stock from adjoining lands from passing upon its right of way, is erroneous, in that it imposes upon such a corporation the absolute duty of keeping the gates closed, whereas in fact its only duty is to use reasonable care to keep them closed.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Power & McFadzean, for Appellant.

J. C. Thomas, for Respondent.

CONREY, P. J.—Pursuant to the verdict of a jury, judgment was entered in favor of the plaintiff for the sum of six hundred dollars damages on account of the loss of certain horses of the plaintiff which were killed on the defendant's railroad track. The defendant appeals from the judgment and from an order denying its motion for a new trial.

There is in the complaint an allegation of negligence by the defendant in running and managing its train whereby the horses were killed. The evidence shows that they were killed by a collision with one of defendant's trains. But there is no evidence of carelessness or negligence in the running of the train, and the judgment cannot be sustained unless a cause of action has been established upon another theory of the case arising from the provisions of section 485 of the Civil Code. We refer to that section as it existed prior to the amendment of 1915. It is therein enacted that "Railroad corporations must make and maintain a good and sufficient fence on either or both sides of their track and property. In case they do not make and maintain such fence, if their engine or cars shall kill or maim any cattle or other domestic animals upon their line of road which passes through or along the property of the owner thereof, they must pay to the owner of such cattle or other domestic animals a fair market price for the same, unless it occurred through the neglect or fault of the owner of the animal so killed or maimed. . . . "

The provisions of the foregoing section are not intended to be for the benefit of the owners of stock running at large, but the right of action there given exists only in favor of one having some interest in land adjoining the right of way of a railroad. It has been held that the interest of a lessee in the land constitutes a sufficient ownership under the statute. (*Walther* v. *Sierra Ry. Co.*, 141 Cal. 288, [74 Pac. 840].) And there are intimations that a licensee in possession of land under a license from the owner is included in the benefit of the statute. *McCoy* v. *Southern Pacific Co.*, 94 Cal. 568, [29 Pac. 1110], where it was said that such license (in that case derived from lessees) did not confer upon the licensee any rights as against the railroad company which the licensors themselves did not possess; that he stood in the place of the lessees and possessed only such rights as they could have enforced.

In the present action it is alleged in the complaint that on the twenty-sixth day of January, 1914, the plaintiff was the owner and possessed of certain horses, and that said horses were lawfully upon certain described land, from which land the horses strayed in and upon the track and ground occupied by the railroad. It is alleged that the defendant so carelessly and negligently permitted its gates in its fences to remain open that it permitted said horses to go from the pasture of the plaintiff upon the said railroad track. These are the only facts alleged which in any way connect the plaintiff with any ownership or right of occupancy of land adjacent to the railroad. Unless such allegations can be construed as declaring that the plaintiff owned the land or was in occupancy thereof as tenant or licensee, it must follow that the complaint does not state a cause of action. Without deciding that the complaint is sufficient in this respect, we will assume its sufficiency for the purpose of considering the evidence bearing upon the supposed issue. And we will here note that the complaint was unverified, and that all of its allegations are denied.

It was shown that there was a fence separating the railroad right of way from the land described in the complaint; that there was a gate in the fence; and that on and before the date of the killing of the horses they were kept by the plaintiff in the field upon which that gate opened. The plaintiff testified that she leased the premises described in the complaint from one P. T. Clark, and the court received in evidence a document identified by the plaintiff, which was in terms a lease of those premises by Clark to her. All of the foregoing evidence was received over objections duly made by defendant's counsel. No effort was made by the plaintiff to show that Clark owned the land or owned any interest therein, or that he was in possession of it, or that plaintiff obtained possession through him. So far as the record shows, Clark may have been in every respect an absolute stranger to said premises both as to title and possession.

There is evidence sufficient to establish the facts that the defendant negligently permitted the gate to remain open, and that the horses strayed from the field to the railroad tracks and were killed without any fault of the plaintiff. We have stated the evidence merely for the purpose of con-

sidering whether it is sufficient to establish any right of the plaintiff in or to the land on which she was keeping her horses. We are of the opinion that it is wholly insufficient for that purpose. As the record does not show who was the owner of the land, or where he was at any time, it may be that the plaintiff's occupancy there was entirely without his knowledge or consent, and that she was a mere trespasser. If so, the statute upon which she must rely in this case gives her no cause of action against the defendant.

With regard to the errors claimed in the refusal of instructions, and in the giving of instructions by the court to the jury, it seems necessary to refer here to instruction No. 1 given by the court as follows: "You are instructed that the laws of this state require railroads to maintain fences beside their tracks, and if they make a gate in the fence, it is a part of the fence, and when there is a road across their track with a gate in the fence across it, they are under the same duty to keep it in repair when erected as it is regarding any other part of the fence, and also it is their duty to keep such gate closed at all proper occasions to prevent stock from adjoining lands from passing upon the right of way of said roadbed." The objection urged is that the instruction imposes upon the defendant the absolute duty to keep the gate closed, whereas in fact its only duty was to use reasonable care to keep it closed. In *Johnson* v. *Southern Pacific Co.*, 11 Cal. App. 278, 285, [104 Pac. 713], the court said: "Had the defendant erected and maintained a good and sufficient gate, it would have been required only to exercise reasonable diligence in keeping the gate closed;" citing and quoting from Thompson on Negligence, section 2059. In the case at bar no claim has been made that the gate was insufficient or out of repair. On the contrary, the testimony of the plaintiff's own witnesses proves that the fence was sufficient to turn stock and that the gate was better than the fence. It seems that the horses strayed out of the field because some person whose identity was not ascertained left the gate open on the afternoon preceding the night when these horses were killed. Therefore, clearly the question for the jury to determine was as to whether the defendant had used reasonable diligence in the matter of keeping its gate

closed. Therefore, the instruction as given was not only erroneous, but also it was seriously prejudicial to the defense. The judgment and order are reversed.

James, J., concurred.

Shaw, J., concurred in the judgment.