[Civ. No. 2128. Third Appellate District.—October 11, 1920.]

H. T. COULDTHIRST et al., Appellants, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent.

[1] JUSTICE'S COURT—OWNERSHIP OF REAL PROPERTY—JURISDICTION. Where the ownership of real property is put in issue by a complaint, a justice's court has no jurisdiction to try the action.

[2] ID.—KILLING OF STOCK BY RAILROAD — FAILURE TO MAINTAIN FENCE — ACTION FOR DAMAGES — JURISDICTION.—An action for damages for the killing of stock, brought under section 485 of the Civil Code, as amended in 1915, which requires railroads to maintain fences on both sides of the railroad track and making them responsible for injury to stock caused by failure to observe that duty, necessarily involves the ownership or possession of real property and, therefore, a justice's court has no jurisdiction to try such action.

[3] ID.—WANT OF JURISDICTION — ANSWER — DEMURRER — WAIVER.—
Where it is expressly alleged in a complaint filed in the justice's
court that the plaintiffs are the owners of certain real property,
and that is a material allegation, it is not necessary for the de-
fendant to raise the question of want of jurisdiction by filing a
verified answer, as specified in section 838 of the Code of Civil
Procedure, but advantage of such defect may be taken by de-
murrer; and in such action the defendant, cannot by failure to file
an answer clothe the justice's court with the jurisdiction which it
is denied by the constitution.

[4] ID.—JURISDICTION BY APPEAL—AFFIRMANCE OF JUDGMENT.—Where
the justice's court is without jurisdiction to try a cause, the
superior court acquires none by appeal, and the judgment of
the justice's court in favor of the defendant is properly affirmed.

[5] ID.—APPEAL TO SUPERIOR COURT — JURISDICTION OF APPELLATE
COURTS.—Neither the district court of appeal nor the supreme
court is given jurisdiction to entertain an appeal from a judg-
ment of the superior court affirming the judgment of justice's
court, in an action within the exclusive jurisdiction of the latter
court.

APPEAL from a judgment of the Superior Court of
Lassen County. H. D. Burroughs, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Kelley for Appellants.

Devlin & Devlin for Respondent.

BURNETT, J.—The action was brought in a justice court
of Lassen County to recover damages for the killing of cer-
tain stock belonging to plaintiffs. The claim was based upon
the provisions of section 485 of the Civil Code, as amended
in 1915 (Stats. 1915, p. 1281), requiring railroads to main-
tain fences on both sides of the railroad track and making
them responsible for injury to stock caused by failure to ob-
serve said duty. A demurrer was interposed upon various
grounds, including the want of jurisdiction of the subject
of the action and of the person of the defendant and the
failure to state a cause of action. The demurrer was sus-
tained upon the ground of the want of jurisdiction of the
justice court, and the action was thereupon dismissed. Plain-
tiffs then appealed to the superior court "on questions of
both law and fact." The superior court affirmed the judg-

ment of the lower court sustaining said demurrer.    Among
the allegations of the amended complaint is the following:
"That plaintiffs for several years last past have been and
now are the owners of the following described land, situate,
lying and being in Lassen County, State of California and
more particularly described as follows to wit" (said prop-
erty being described therein).    [1]    The ownership of real
property was thus put in issue by the complaint, and, if it
was necessarily involved in the determination of the cause,
it would follow that the justice court had no jurisdiction to
try the action.    (Sec. 838, Code Civ. Proc.)    [2]    Indeed,
it has been decided that the action brought under said sec-
tion 485 of the Civil Code does necessarily involve the own-
ership or possession of real property and, therefore, a jus-
tice court has no jurisdiction to try such action.    (*Wills* v.
*Southern Pac. Co.,* 31 Cal. App. 723, [161 Pac. 501]; *Hol-
man* v. *Taylor,* 31 Cal. 338; *Boyd* v. *Southern California Ry.
Co.,* 126 Cal. 571, [58 Pac. 1046].)

[3]    Nor was it necessary for the defendant to raise the
question by filing a verified answer as specified in said sec-
tion 838 of the Code of Civil Procedure.    That is required
only when the want of jurisdiction does not appear on the
face of the complaint.    Herein, however, it was expressly al-
leged by the plaintiffs that they were the owners of said real
property, and this being a material allegation in an action
brought under said section of the Civil Code, advantage
could be taken of it by filing a demurrer.    It cannot, of
course, be disputed that the defendant could not by failure
to file an answer clothe the justice court with the jurisdic-
tion which it is denied by the constitution.    (*King* v. *Kutner-
Goldstein Co.,* 135 Cal. 65, [67 Pac. 10].)    Manifestly, the
legislature itself could not change the jurisdiction that has
been conferred upon the various courts by the constitution,
although it may regulate the mode or manner in which the
jurisdiction of a court may be invoked or challenged.

It is true, as pointed out by respondent, that the decisions
of the appellate courts specifically holding that the justice
court has no jurisdiction of actions brought under said sec-
tion 485 of the Civil Code were rendered before said section
was amended in 1915.    But there can be no doubt that the
title, possession, or right of possession is equally involved
under said section as amended.    The effect of the law is not

changed in that respect, since, in order to recover under the amended section, it is incumbent upon the plaintiffs to show that the loss of or injury to his livestock happened along some portion of the railroad's right of way not running through or upon public lands; that is, in other words, at a place where the adjoining lands were in private ownership or possession.

[4] It appearing that the justice court was without jurisdiction to try the cause, it was entirely proper for the superior court on appeal to affirm said judgment. There could be no trial in the superior court since its jurisdiction is entirely derivative, and the justice of the peace having no jurisdiction, the superior court acquires none by the appeal. (*Ballerino* v. *Bigelow*, 90 Cal. 500, [27 Pac. 372]; *Null* v. *Superior Court*, 4 Cal. App. 207, [87 Pac. 392]; *Bates* v. *Ferrier*, 19 Cal. App. 79, [124 Pac. 889]; *Bartnett* v. *Hull*, 19 Cal. App. 91, [124 Pac. 885].)

The case, of course, is distinguishable from such decisions as *City of Madera* v. *Black*, 181 Cal. 306, [184 Pac. 397], where the parties appeared in the superior court and submitted to trial without objecting to jurisdiction or to the irregular manner in which the case may have reached the superior court. [5] Moreover, if we concede that plaintiffs are right in their contention that the case does not involve title to or right of possession of real property, and that it is within the exclusive jurisdiction of the justice court since the amount sued for was less than three hundred dollars, then it would necessarily follow that this court as well as the supreme court has no jurisdiction to entertain this appeal. Neither of said tribunals is given jurisdiction of an appeal in a case such as the appellants claim this one to be. (Const., art. VI, sec. 4; *Willow Land Co.* v. *Goldschmidt*, 11 Cal. App. 297, [104 Pac. 841]; *Edsall* v. *Short*, 122 Cal. 533, [55 Pac. 327].)

In any view of the case, it seems clear that this court cannot grant plaintiffs any relief in this proceeding.

The judgment is affirmed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.