[S. F. No. 10648. In Bank.—September 11, 1923.]

## J. J. MORRISSEY, Appellant, v. JAMES MORRISSEY et al., Respondents.

[1] REAL PROPERTY — ACTION FOR DAMAGES — JURISDICTION. — Fruit trees, a shed, and fence upon real property constitute part of the realty, and where the purpose of an action is to recover damages for injuries charged to have been committed by the defendants to said property, and the complaint alleges ownership of the property in the plaintiff, the superior court has jurisdiction of the action. The fact that the answer may not raise an issue on ownership of the property is immaterial.

[2] ID.—TITLE OR POSSESSION OF REAL PROPERTY—JURISDICTION.—If the issue of title or right of possession of real property is so involved in an action that it must be decided in order to determine the case, the superior court has original jurisdiction, whether the involution may be said to be merely incidental or not.

[3] ID.—JURISDICTION OF JUSTICE'S COURT—CONSTITUTION.—Under the provisions of subdivision 2 of section 112 of the Code of Civil Procedure, the justice's court cannot exercise a jurisdiction which is broader than that conferred upon it by the constitution.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Reversed.

The facts are stated in the opinion of the court.

F. P. Tuttle for Appellant.

Charles Quayle for Respondents.

KERRIGAN, J.—The plaintiff commenced this action in the superior court on a complaint containing two causes of action. In the first cause of action he alleged that he was the owner of a certain lot of land lying in the city of Oakland, and that the defendants willfully and unlawfully and without his consent permitted goats owned by the defendants to enter upon said land and to destroy ten fruit trees growing thereon which were the property of the plaintiff and which were of the reasonable market value of $150. In the second cause of action the plaintiff alleged that he was the owner of a shed and thirty feet of fence located upon said lot of land of the value of $30, and it is alleged the defendants willfully and unlawfully and without the consent of plaintiff entered upon said land and removed therefrom and converted to their own use said shed and fence. The prayer followed for judgment in the sum of $180. The defendants demurred upon the grounds that the court was without jurisdiction of the subject matter of the action, and that the complaint failed to state facts sufficient to constitute a cause of action against them. This demurrer was sustained without leave to amend. From the judgment following plaintiff has prosecuted this appeal.

[1] The fruit trees, shed, and fence constitute part of the realty (Civ. Code, sec. 660), and were part of the real property alleged to belong to plaintiff. The purpose of the action is to recover damages for the injuries charged to have been committed by the defendants to said property. The case, therefore, upon its face, is within the jurisdiction of the superior court, since one of its issuable allegations is the ownership of the real property described, and a traverse of this allegation will put such ownership in issue. That the answer to be filed may possibly not raise such issue is im-

material. The issue of ownership is tendered by the plaintiff, who conceives that his right of action is based wholly or partly upon it. The jurisdiction of the superior court is thus determined, and cannot await upon the contingency that the answer of the defendant may admit the allegation (*Holman* v. *Taylor,* 31 Cal. 338; *Raisch* v. *Sausalito Land & Ferry Co.,* 131 Cal. 215 [63 Pac. 346]; *Dungan* v. *Clark,* 159 Cal. 30 [112 Pac. 718]). This is true even if the issue is incidental. On the other hand, if such a complaint be filed in the justice's court, and an answer be filed which makes no traverse of the allegation of title or possession of the real property, so that no question of such title or possession is involved, the justice's court will have jurisdiction of the action (*Hart* v. *Carnall-Hopkins Co.,* 103 Cal. 132 [37 Pac. 196]). If the issue of title or possession is so involved that it must be decided in order to determine the case, the superior court has original jurisdiction of the action, whether the involution may be said to be merely incidental or not (*Hart* v. *Carnall-Hopkins Co., supra; O'Meara* v. *Hables,* 163 Cal. 240 [124 Pac. 1003]).

In some cases it has been said that where title or possession of real property is merely a fact in controversy, arising incidentally or as a collateral question, it could not be held that the action involved such title or possession (*Pollock* v. *Cummings,* 38 Cal. 683; *Schroeder* v. *Wittram,* 66 Cal. 636 [6 Pac. 737]); but the later decisions have held that this statement is too broad, and that the phrase does include cases where the title or possession is only incidentally involved, provided the issue of title or possession must be determined in order to decide the case (*Williams* v. *Mecartney,* 69 Cal. 556 [11 Pac. 186]; *Hart* v. *Carnall-Hopkins Co., supra*). [2] The true rule seems to be this: If the issue of title or right of possession is so involved that it must be decided in order to determine the case, the superior court has original jurisdiction, whether the involution may be said to be merely incidental or not (*Dungan* v. *Clark, supra;* 7 Cal. Jur., pp. 600, 601, secs. 19, 20).

[3] There is no merit in the suggestion that jurisdiction was conferred upon the justice's court in a case of this kind by the provisions of subdivision 2 of section 112 of the Code of Civil Procedure, for it has been expressly held that under this section the justice's court cannot exercise a juris-

diction which is broader than that conferred upon it by the constitution (*King* v. *Kutner-Goldstein Co.*, 135 Cal. 65 [67 Pac. 10]).

Judgment reversed.

Lennon, J., Seawell, J., Myers, J., Waste, J., Lawlor, J., and Wilbur, C. J., concurred.