[Civ. No. 12309. First Dist., Div. One. May 28, 1943.]

J. HENRY WOOD et al., Plaintiffs and Respondents, v. WILLIAM J. EMIG, as Sheriff of the County of Santa Clara, etc., et al., Appellants; DOROTHY M. ROSS et al., Respondents.

A. L. Crawford and Ralph Bancroft for Appellants.

Chester E. Ross for Respondents.

WARD, J.—This is an appeal by defendants and cross-complainants from that part of the judgment rendered in this action by which Dorothy M. Ross is decreed to be the owner of the parcel of land involved herein, free and clear of the lien of a judgment obtained by certain of the defendants and which they sought to execute upon said real property.

J. Henry Wood and Margaret Wood, his wife, plaintiffs, acquired title to the property involved in 1925; they made it their home and, except for periods spent in Santa Cruz County and at a mining location in Siskiyou County, lived there continuously until April 1, 1940. During such periods as they were absent from the home, located in Palo Alto, their household furnishings remained there. While in Siskiyou County they lived in a cabin on their mining location, having taken with them only such personal effects as were necessary to their temporary stay. All of the time from June, 1938, until April 1, 1940, they lived in the home in Palo Alto. In the meantime, in September of 1938, Mr. Wood suffered a stroke of paralysis and from that time was unable to perform any work. On June 29, 1939, they filed a declaration of homestead on the property. In April of 1940, their financial condition having become such that they felt obliged to rent their home in order to "have something to live on," they moved to a small apartment in Santa Cruz for two months, and from there moved to the cabin in Siskiyou County. There is testimony that in September, 1940, Mrs. Wood delivered

to her daughter, Dorothy M. Ross, a deed to the Palo Alto property, in which the latter and a son of plaintiffs were named as grantees, the son later conveying his interest to his sister. The deed was not recorded until December 19, 1940. In the meantime the Sheriff of Santa Clara County, who is one of the defendants herein, levied a writ of execution on the Palo Alto property, including the income therefrom, in execution of a judgment obtained in Siskiyou County, and recorded in Santa Clara County on October 24, 1940.

There is evidence that the deed to plaintiff's children had been made in 1936. Plaintiffs testified in that regard that at the time of its execution, they were doing a great deal of dangerous mountain driving and "we wanted that deed written in case anything would happen to us, they would find that deed among our papers, that property would go to our two children." It had, however remained in the possession of plaintiffs, Mrs. Wood testifying that "wherever we [she and her husband] were, the papers were."

Shortly after the service of the writ of execution on the tenant of the Palo Alto property by which the rental due was attached, and on a local bank for a small amount on deposit in plaintiffs' names, plaintiffs served on the sheriff an "Affidavit on Claim of Exemption, and Demand for Release of Exempt Property," claiming all rentals from the homesteaded property to be exempt (Civ. Code, sec. 1265) and demanding the release of the moneys levied upon. Thereafter the plaintiffs in the Siskiyou County action served upon plaintiffs and upon the sheriff a "Counter Affidavit to Claim of Exemption by Defendants . . . in Opposition to Demand for Release of Property claimed exempt," claiming therein that the declaration of homestead was false, fraudulent and untrue in that plaintiffs did not reside upon the premises in question at the time of the declaration.

This action was brought against the sheriff and the creditors who had obtained the judgment against plaintiffs, the prayer of the complaint being to quiet plaintiffs' title to the real property and to enjoin the defendants from asserting any claim thereto by reason of their judgment. A general demurrer to the complaint was sustained. Thereafter an amended complaint for declaratory relief was filed, the object of which was to determine the rights of plaintiffs under the declaration of homestead and also to quiet title to the real property. The defendants answered, asserting a first lien upon

the property; they also alleged by special defense that the issue of a valid homestead thereon had been previously determined in the Siskiyou County case, wherein the claim of exemption had been heard and denied, and that the issue was thus res judicata. At the same time they filed a cross-complaint in which they joined the son and daughter of plaintiffs herein, alleging that they claimed some interest in the property by virtue of the deed from plaintiffs. They prayed that the homestead be declared invalid and that the judgment in the Siskiyou County case be declared a first lien on said real estate. Cross-defendant Henry Carroll Wood, plaintiffs' son, defaulted. Cross-defendant Dorothy M. Ross, their daughter, joined with plaintiffs in the answer to the cross-complaint, concluding with the prayer: ''Wherefore, these plaintiffs, including said Dorothy M. Ross, pray that the defendants take nothing by said cross-complaint, and that the plaintiffs have judgment as set forth in their amended complaint on file herein, saving and excepting that said Dorothy M. Ross be permitted to join with said plaintiffs therein, to the extent of establishing her sole ownership therein, as shown by the records of the title thereto as the same exists at the present time. '' Judgment was rendered in favor of cross-defendant Dorothy M. Ross, decreeing that she was the owner of the real estate and enjoining the defendants, now appellants, from in any manner asserting any claim thereto.

The deed to the children of plaintiffs executed in 1936 could have no effect until its delivery; it could have been destroyed at any time, and the declaration of homestead in 1939 is further evidence that the parties still considered the property theirs, so that the declaration of homestead was lawful in case all other requirements were met. The judgment was given in the Siskiyou County case January 29, 1940, about six months after the declaration of homestead (June 29, 1939); it was recorded in Santa Clara County October 24, 1940, over a year after the declaration of homestead, but prior to the recordation of the deed to the daughter, although she claimed delivery thereof in September of 1940 and the court so found.

The main questions on appeal are (1) when the homestead was removed by deed to the daughter, recorded December 19, 1940, was the judgment recorded in the meantime a lien on the property, (2) was abandonment of the homestead proven,

and (3) is the doctrine of res judicata applicable to the facts. The denial of the above mentioned claim of exemption by the superior court in Siskiyou County purported to determine that J. Henry Wood and Margaret Wood had no valid homestead rights to the property in Palo Alto. Although the original issue in Siskiyou County was a claim to money, the ultimate issue was the validity of the homestead, and whether a judgment against plaintiffs could be satisfied therefrom. The latter issue is involved in the present appeal. In both instances if the homestead is valid, the property is not subject to execution. The particular question in this regard is whether a court other than that of the county wherein the homestead is located has the power to hear and determine the question of its validity. All actions for the enforcement of liens upon real property shall be commenced in the county wherein such property is situated. (Cal.Const., art. VI, sec. 5; Code Civ. Proc., sec. 392.) The effect of filing a declaration of homestead is a question for the county in which the property is located. It is of local importance whether or not spouses who hold property inviolate against claims of creditors seeking to remove an exemption thereon, should be entitled to a hearing in the county of their residence, which county may be forced to assume their care in the event the homestead is declared invalid.

Appellants contend that the matter before the Siskiyou court was transitory and not local. This contention is primarily based upon the following language in *Arighi* v. *Rule & Sons, Inc.*, 41 Cal.App.2d 852, 855 [107 P.2d 970]: ". . . the homestead right is not an estate in the *land,* but a mere *privilege* of exemption from execution of such estate as the holder occupies." The court there was simply stating the general rule that "a fee simple in the land is not necessary for the establishment of a homestead," a matter foreign to the problem presented in the present case.

The distinction between a local and a transitory action is not always easily ascertainable. The character of the action and judgment generally determine its classification. (*Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 P.2d 931].) Transitory actions are generally tried in the county where the defendant resides. (Code Civ. Proc., sec. 395.) In the Siskiyou County case the proceeding was in enforcement of a judgment by execution, in effect the satisfaction of a lien against homestead real estate in another county. Subject to the rules

of change of venue, actions to quiet title, for recovery of an interest in real estate, for the foreclosure of a lien, or for the determination of any such right or interest, must be commenced where the land is situated. (Cal. Const., art. VI, sec. 5; *Maguire* v. *Cunningham*, 64 Cal.App. 536 [222 P. 838]; *Coley* v. *Hecker*, 206 Cal. 22 [272 P. 1045]; *Urton* v. *Woolsey*, 87 Cal. 38 [25 P. 154]; *Murphy* v. *Superior Court*, 138 Cal. 69 [70 P. 1070]; *Bartley* v. *Fraser*, 16 Cal.App. 560 [117 P. 683]; *Morrissey* v. *Morrissey*, 191 Cal. 782 [218 P. 396]; *Eckstrand* v. *Wilshusen, supra*.) In *Cohen* v. *Hellman Commercial T. & S. Bk.*, 133 Cal.App. 758 [24 P.2d 960], an action for an accounting and for the termination of a trust and the reconveyance of real property, a transitory and local action could well be heard in a county other than where the property was situated in the absence of a motion for change of venue. In that case "no lien was sought to be enforced."

 The determination of the rights of homesteaders should be heard in the county where the homestead is situated. (*Estate of James*, 23 Cal. 415; *Votypka* v. *Valentine*, 41 Cal.App. 74 [182 P. 76]; *Rogers* v. *Cady*, 104 Cal. 288 [38 P. 81, 43 Am.St.Rep. 100].) "When it appears that the court has no jurisdiction, it has no power to proceed in any manner, but should dismiss the action." (*Estate of Palmieri*, 120 Cal.App. 698, 700 [8 P.2d 152].) The question of jurisdiction may be raised at any period before final disposition of the litigation. The order of the Superior Court of Siskiyou County was without legal effect. (*People* v. *Davis*, 143 Cal. 673 [377 P. 651]; *Peters* v. *Anderson*, 113 Cal.App. 158 [298 P. 76].) It may be assumed that such court had jurisdiction to render the money judgment and, by following the usual procedure, make it effective in another county, but it did not have jurisdiction to determine homestead rights to real estate located in another county. (*Votypka* v. *Valentine, supra*.) ". . . when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction." (*Rodman* v. *Superior Court*, 13 Cal.2d 262, 269 [89 P.2d 109].) In *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715], the court said: "Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or

rules developed by the courts and followed under the doctrine of *stare decisis,* are in excess of jurisdiction.''

In addition to the above it should be noted that at the date of the hearing in Siskiyou County of defendants' (plaintiffs herein) motion for claim of exemption, Dorothy M. Ross was the owner of the property. She was not a party to the action, nor was she represented at such hearing; hence the determination of the homestead rights of her father and mother was not binding upon her. This conclusion eliminates the necessity of considering appellants' claim of res judicata.

The court found ''That said real property is now, and at all of the times herein mentioned was, improved with a family style dwelling house, situated in the residential area of said City of Palo Alto; that said dwelling house was the family home of plaintiffs and their family from 1925 until about the year 1935; that for a period of approximately two years the plaintiffs resided in Siskiyou County and in Santa Cruz County; that beginning on or about the 20th day of June, 1938, and continuously thereafter until the 30th day of March, 1940, the plaintiffs lived in the residence upon said real property; that during said last mentioned period they occupied said residence and made their home here, and that during said period said real property was their only place of domicile; that said residence thereon was actual, bona fide, and continuous; that while said plaintiffs were residing upon said premises as aforesaid, and on or about the 26th day of June, 1939, they executed a Declaration of Homestead, which was in due and proper form, and which was duly recorded on June 29th 1939 in Volume 933 of Official Records, at page 565, in the office of the Recorder of said County of San Benito [Santa Clara], wherein said real property was claimed as a Homestead by said plaintiffs; that said plaintiffs at the time of making said Declaration of Homestead had no other Homestead upon any other property.'' While there is some conflicting evidence, particularly as to the voting registration of the parties, there is ample evidence to sustain the findings.

Considerable attention is given to the date of the delivery by the parents of the deed to the daughter Dorothy M. Ross. Margaret Wood, referring to the deed, testified: ''Q. Can you state when it was delivered to someone other than yourself and to whom it was delivered? A. It was delivered to my daughter in September. Q. Of what year? I am trying to think of that year. September of 1940.'' Mrs. Dorothy

M. Ross testified: "Q. Was it delivered to you personally?
A. To me personally, yes. . . . Q. Are you able to state
the approximate time or date of the delivery of this deed to
you? A. Yes, I would say it was the first week in September.
Q. Of what year? A. 1940."

Appellants contend that the deed to Dorothy Ross
and her brother effected an abandonment of the homestead.
(Civ. Code, secs. 1039, 1053, 1243.) In support thereof cer-
tain allegations in the pleadings are emphasized, particularly
that the deed was delivered a few days before its recordation
and subsequent to the recordation of the Siskiyou County
judgment in Santa Clara County. Upon this basis appellants
attempt to maintain the contention that they should have had
judgment on the pleadings. A court is not bound to find in
accordance with the pleadings alleging an approximate date
of delivery if the evidence shows the true date to be other-
wise. The difference in the pleading and the finding is not
prejudicial to appellants in view of the holding in *Palen* v.
*Palen,* 28 Cal.App.2d 602 [83 P.2d 36], which will be referred
to later.

If there had been an abandonment of the homestead,
any judgment lien in appellant's favor would attach only
in the event the judgment debtors were still the owners of
the property. By transferring the property to their children,
plaintiffs put defendants in no different position than before
the transfer took place. While the property was homesteaded
in plaintiffs' favor, the defendants could not reach it for the
satisfaction of their judgment—so it is immaterial to the
creditors whether or not the debtors retained or transferred
the property. In *Palen* v. *Palen, supra,* 605, 607, the court
said: "Considerable emphasis is placed by applicant upon
the contention that the homestead was abandoned by the
execution of the deed to Edmonston, which the court found
created a constructive trust. Section 1243 of the Civil Code
provides that a homestead may be abandoned only by a decla-
ration of abandonment or by a grant thereof, and section
1053 of the Civil Code declares that a grant is a transfer in
writing and that a transfer (sec. 1039, Civ. Code) is an act
by which the title to property is conveyed by one living per-
son to another. It is conceded there was no abandonment of
homestead filed, so appellant must rely upon the conveyance
to Edmonston to establish such abandonment. The question
then is, was the deed referred to a grant, and did it operate

to transfer the title to the property from the grantors to the grantee? We are convinced that it did not convey such an interest as to create such abandonment.'' ''Having in mind the tendency in California is to protect the homestead, the power of a creditor to attack the homestead by forced sale must be strictly limited to the instances specified in the law, in order that the humane objects which the legislature intended by its enactment shall be effected.'' The Palen case quotes with approval 13 Ruling Case Law, section 118, page 660, as follows: '' 'The reasons usually given for negativing the liability of the homestead which has been fraudulently conveyed are substantially as follows: A homestead is not liable to seizure under execution, and therefore a conveyance of it is a question in which the creditor has no interest. It is not liable before conveyance to the claim he asserts; and the conveyance though fraudulent, puts the creditor in no better condition than he was in before. If the conveyance is set aside as fraudulent this leaves the homestead as if no attempt had been made to convey it, so far as any claim can be asserted by the creditor. It is void as to him to all intents and purposes. He cannot be heard to say in one and the same breath that the conveyance is void in its attempt to divest title out of the debtor, but is valid in destroying the homestead right. He cannot claim both under and against the conveyance; under it as a valid parting with the homestead right; against it as an abortive effort to pass title out of the debtor. It must stand, as to him, as if no conveyance had been attempted.' '' In view of the above, appellants were not prejudiced by failure to make a direct finding on abandonment.

■ The claim that the court erred prejudicially in refusing appellants the right to introduce testimony of Mr. Wood taken in the Siskiyou County proceedings is without merit. The effect of such testimony would be, not to establish the date of delivery, but merely a matter of impeachment. The testimony would be of little avail in view of the holding in *Palen* v. *Palen, supra.*

Appellants cite *Johnston* v. *Ota,* 43 Cal.App.2d 94 [110 P.2d 507], to the effect that the genuineness and due execution of a judgment are established if a copy thereof is attached to the answer and no affidavit is filed under Code of Civil Procedure, section 448. That case does not substantiate appellants' contention that such rule fixes a right to judgment

on the pleadings. At page 98, the court said: "The fact that the judgment was attached as an exhibit to the answer, merely establishes its genuineness and due execution. (Code Civ. Proc., sec. 448.) It does not prove the matters adjudicated by the judgment of dismissal."

The other contentions of appellants connected directly or indirectly with the foregoing claims of error are without merit. Further discussion would unduly lengthen this opinion without benefit to appellants.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 26, 1943. Carter, J., did not participate therein.